IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHARLES WAYNE MORGAN,

    Petitioner,

v.                                                         No. 24-cv-205 MIS/JHR

JOE BIDEN,

    Respondent.

## ORDER TRANSFERRING CASE

This matter is before the Court on Petitioner Charles Wayne Morgan's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (ECF No. 2) ("Petition"). Petitioner is proceeding *pro se* and filed his claims using a 28 U.S.C. § 2241 form. He states he is the "next friend" of his son, David Morgan (Inmate Number 637673), and that he seeks to challenge the "validity of conviction or sentence" for his son and "other named Oklahoma inmates." (ECF No. 2) at 2, 4. Petitioner does not provide a case number for the conviction(s) or sentence(s) he challenges. He states his son "is held as state inmate" and "has filed numerous attacks into several United States District Courts all listed as second or successive. [Certificate of Appealability] denied about four times." *Id.* at 3-4. Petitioner has also filed a: Motion to Vacate (ECF No. 4); Motion for Writ of Error Coram Nobis (ECF No. 5); Motion for Directed Verdict (ECF No. 6); Motion for Involuntary Dismissal (ECF No. 7); and Motion for Summary Judgment (ECF No. 8).

When a pleading seeks a shorter sentence under § 2241, "jurisdiction lies in only one district: the district of confinement." *Rumsfield v. Padilla*, 542 U.S. 426, 443 (2004); *see also Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011) (claims that "attach the execution of a sentence … must be filed in the district where the prisoner is confined"); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) (same). Based on a search of Petitioner's son's inmate number

(#637673), it appears David Morgan is incarcerated at the Joseph Harp Correctional Center in Lexington, Oklahoma.  *See* https://okoffender.doc.ok.gov/.  This facility is located in Cleveland County, Oklahoma, which is within the jurisdiction of the United States District Court for the Western District of Oklahoma.  *See* 28 U.S.C. § 116(c) ("The Western District [includes] … Cleveland [County]."  The Petition must therefore be resolved in that Federal Court.

District Courts may *sua sponte* consider dismissal or transfer when jurisdictional defects are clear from the face of the proceeding.  *See Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006).  In lieu of dismissal, and in the interest of justice, the Court may transfer a case to any district where venue and jurisdiction are proper.  *See Johnson v. Christopher*, 233 F. App'x 852, 854 (10th Cir. 2007) ("To be sure, the district court has discretion … to transfer [an inmate's] case" *sua sponte*).  To determine whether a transfer is in the interest of justice, courts consider: "whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith … ."  *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008); *see also Faulkenburg v. Weir,* 350 F. App'x 208, 210 (10th Cir. 2009) (applying the same factors to a transfer).

Here, it is not clear whether Petitioner's claims are properly raised under § 2241 or if they are § 2254 claims.  *See Davis v. Roberts*, 425 F.3d 830,833 (10th Cir. 2005) ("[A] challenge to the execution of a sentence should be brought [as a habeas petition] under 28 U.S.C. § 2241."); *Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007) ("[A] state court defendant attacking his pretrial detention should bring a habeas petition pursuant to ... 28 U.S.C. § 2241"); *Naves v. Bigelow*, 565 F. App'x 678, 679 n.1 (10th Cir. 2014) ("A proceeding under § 2254 is the proper vehicle for a challenge to the validity of a conviction or sentence" in federal court).  It is also not clear whether Petitioner can bring claims on behalf of his son or any other inmates.  *See Whitmore*

*v. Arkansas*, 495 U.S. 149, 162 (1990) (Under certain limited circumstances, "next friends" may prosecute a habeas proceeding "on behalf of detained prisoners who are unable … to seek relief themselves."); *see also* Advisory Committee Note to Habeas Corpus Rule 2(c)(5) ("The Committee envisions that the courts would apply [the] … 'next friend' standing analysis [set forth in *Whitmore*] in deciding whether the signer was actually authorized to sign the motion on behalf of the movant."); *Williams v. Boone*, 166 F.3d 1223, *5 (10th Cir. 1999) (The petition "must set forth some … explanation for the necessity of resorting to the use of a 'next friend'" such as "inaccessibility, mental incompetence or other disability.").  Nevertheless, because Petitioner appears to seek to raise § 2241 claims, which are not time-barred, it is possible Petitioner's allegations may survive initial review.  *See Craig v. United States*, 844 F. App'x 96 (10th Cir. 2021) ("[T]here is no statute of limitations for petitions invoking § 2241.").

For these reasons, a transfer is in the interest of justice.  The Court will transfer this case to the United States District Court for the Western District of Oklahoma.  **Petitioner is reminded that all further pleadings should be submitted to the United States District Court for the Western District of Oklahoma.**

**IT IS ORDERED** that the Clerk's Office shall **TRANSFER** this proceeding, including the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (**ECF No. 2**), to the United States District Court for the Western District of Oklahoma; **TERMINATE** all pending motions; and **CLOSE** this civil case.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE